IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SCOTT STADNISKY, | ) | CR. NO. 04-00363 SOM |
| | ) | CIV. NO. 10-00225 SOM/LEK |
| Petitioner, | ) | |
| | ) | ORDER DENYING MOTION TO |
| vs. | ) | VACATE, SET ASIDE, OR CORRECT |
| | ) | A SENTENCE BY A PERSON IN |
| UNITED STATES OF AMERICA, | ) | FEDERAL CUSTODY UNDER 28 |
| | ) | U.S.C. § 2255 |
| Respondent. | ) | |
| _____ | ) | |

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR
CORRECT A SENTENCE BY A PERSON IN FEDERAL
CUSTODY UNDER 28 U.S.C. § 2255

I.      INTRODUCTION.

        In 2006, Scott Stadnisky was found guilty of conspiring
to distribute and to possess with intent to distribute 50 grams
or more of methamphetamine, its salts, isomers, and salts of its
isomers.  This court sentenced him to 240 months of imprisonment.
After an unsuccessful appeal, he now seeks to set aside his
sentence under 28 U.S.C. § 2255 on the ground that his attorney
was ineffective during trial and at sentencing.  This court
denies the petition without a hearing and declines to issue a
certificate of appealability.

II.     STANDARD OF REVIEW.

        Under § 2255, a court may grant relief to a federal
prisoner who challenges the imposition or length of his or her
incarceration on any of the following four grounds: (1) that the
sentence was imposed in violation of the Constitution or laws of

the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255(a).

A § 2255 petition cannot be based on a claim that has already been disposed of by the underlying criminal judgment and ensuing appeal.  As the Ninth Circuit stated in Olney v. United States, 433 F.2d 161, 162 (9th Cir. 1970), "Having raised this point unsuccessfully on direct appeal, appellant cannot now seek to relitigate it as part of a petition under § 2255."

Even when a § 2255 petitioner has not raised an alleged error at trial or on direct appeal, the petitioner is procedurally barred from raising an issue in a § 2255 petition if it could have been raised earlier, unless the petitioner can demonstrate both "cause" for the delay and "prejudice" resulting from the alleged error.  As the Court said in United States v. Frady, 456 U.S. 152, 167-68 (1982), "[T]o obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains."  Id.; accord Davis v. United States, 411 U.S. 233, 242 (1973).  To show "actual prejudice," a § 2255 petitioner "must shoulder the burden of showing, not merely that the errors at his trial

2

created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." <u>Frady</u>, 456 U.S. at 170.

A judge may dismiss a § 2255 petition if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Section 2255 Rules. A court need not hold an evidentiary hearing if the allegations are "palpably incredible" or "patently frivolous" or if the issues can be conclusively decided on the basis of the evidence in the record. <u>See</u> <u>Blackledge v. Allison</u>, 431 U.S. 63, 76 (1977); <u>see also</u> <u>United States v. Mejia-Mesa</u>, 153 F.3d 925, 929 (9th Cir. 1998) (noting that a "district court has discretion to deny an evidentiary hearing on a § 2255 claim where the files and records conclusively show that the movant is not entitled to relief").

III.     <u>BACKGROUND.</u>

William Robert Clifford, Stadnisky, Daniel Myers, and Sloane Paglinawan allegedly conspired to distribute methamphetamine in Hawaii. Transcript of Proceedings ("Transcript") at 7 (Docket No. 211). Stadnisky allegedly supplied methamphetamine to Myers in California, which Myers then shipped to Clifford for distribution on the Big Island. <u>Id.</u> at 20-24.

In June 2004, Myers was arrested in California. Id. at
41. Left without his methamphetamine supplier, Clifford
allegedly traveled to California to engage Myers's supplier,
Stadnisky, directly. Id. at 43. Stadnisky allegedly agreed to
be Clifford's supplier, bought Clifford a prepaid phone, and
instructed Clifford to use that phone only when communicating
with Stadnisky. Id. at 66.

After Clifford returned to Hawaii, Stadnisky allegedly
sent him a few shipments of methamphetamine, each weighing two to
three pounds. Clifford allegedly distributed the drugs. Id. at
78.

In September 2004, Clifford was arrested after law
enforcement agents seized a drug package that Stadnisky had
allegedly shipped to Clifford. Id. at 81. Clifford agreed to
cooperate with law enforcement, and toward that end, placed
recorded phone calls to Stadnisky. Id. at 100, 103-04. During
one phone conversation, Stadnisky indicated that he would send
two additional pounds of methamphetamine to Clifford. Id. at
107-08.

On September 22, 2004, a grand jury returned a
two-count Indictment charging Stadnisky, Clifford, and Paglinawan
with drug-related offenses. Stadnisky was arrested that day.

Almost a year later, a grand jury returned a
Superseding Indictment charging only Myers and Stadnisky with

4

having conspired, between August 2003 and September 11, 2004, to distribute or possess with intent to distribute 50 grams or more of methamphetamine.  Superseding Indictment, Docket No. 65 (Sept. 1, 2005).  Stadnisky and Myers pled not guilty, and proceeded to trial.

At trial, Clifford testified for the Government.  After a two-week trial, the jury found Stadnisky and Myers guilty.  <u>See</u> Jury Verdict, Docket No. 144 (Feb. 17, 2006).  The court then requested a Presentence Investigation Report ("PSR") and set a date for a sentencing hearing.

The PSR calculated Stadnisky's sentencing guideline range as being between 324 and 405 months of imprisonment.  His total offense level was calculated at 36, and he was determined to be in criminal history category VI (with 16 criminal history points, only 14 of which were actually assessed).

Stadnisky objected to the guideline calculation.  In pertinent part, Stadnisky argued in his sentencing statement that he should fall into criminal history category V, because many of his previous convictions were for misdemeanors that should not be included in the calculation of criminal history points.  <u>Id.</u> at 13.  Stadnisky also argued that mitigating circumstances, such as family responsibilities and addiction issues, warranted a variance from the guideline range.

At the sentencing hearing on February 22, 2007,

5

Stadnisky's attorney argued that convictions for petty misdemeanors should not factor into the calculation of criminal history points.   Sentencing Transcript (Docket No. 254) at 3.

The court overruled Stadnisky's objections, adopted the PSR as its findings, and concluded that Stadnisky's sentencing guideline range was between 324 and 406 months.   Id. at 15-16. The court then stated:

> This is a case in which I'm seriously considering a sentence that is less than what the guidelines suggest, not because there is a reason stated in the guidelines for me to sentence to less, but rather because, when I look at all the circumstances I have in front of me, it seems to me that a sentence of less than what the guidelines suggest would be sufficient to meet the sentencing goals, including punishing Mr. Stadnisky.
>
> . . . .
>
> And I'm actually thinking that a just sentence, a reasonable sentence in this case would be 240 months.   That's a significant sentence.   It's very long. . . .
>
> . . . .
>
> The second issue is that, even though the criminal history was correctly computed under the guidelines and for guideline purposes doesn't overstate what happened in his background, even though those are not being expunged, when I look at the kinds of offenses there and Mr. Standisky's age at the time of the offenses, I don't think that they justify a sentence in the range that the guidelines suggest.   The guidelines count the points and they suggest a sentence.   The guidelines cannot do the qualitative analysis of looking at the whole picture that this person presents.

> We have, you know -- I'm not diminishing the
> seriousness of [Stadnisky's prior
> convictions, including one for drunk
> driving].  People die because people drive
> while drunk; so I'm not diminishing that.  .
> . . [B]ut this isn't a case where I see a
> pattern of violence or escalating violence.
> So just looking at the whole context of what
> these are, seems to me that in the context of
> this case and of this person that that
> significant sentence I'm suggesting would be
> just punishment and would be reasonable.

Id. at 17-19.

> Stadnisky's attorney agreed:

> [W]hen we talk about Mr. Stadnisky's prior
> criminal history, we're talking about
> youthful driving under the influence charges,
> youthful speeding charges, youthful charges
> in terms of responses to police contact and
> police enforcement. . . .  [A]s the court's
> pointed out, they're not the escalating
> violent type of offenses that one would see.
> They're not the escalating criminal
> distribution-type offenses that the
> guidelines and the Sentencing Commission
> really looked at in determining the criminal
> history scores.

Id. at 22-23.

Standisky argued that an appropriate sentence would be
144 months.  Id. at 28.  The court disagreed on the ground that
such a sentence would not have reflected the difference between
Stadnisky and co-conspirators who had substantially assisted the
Government.  Id.  Stadnisky's counsel responded that Stadnisky
chose not to cooperate so that he could protect his loved ones.
Id. at 29.

The Government disagreed with this court's proposed sentence, arguing that because Stadnisky did not show remorse, accept responsibility, or apologize, he should not be given a lower sentence.  The Government stated, "The court's suggested sentence gives him the benefit of having accepted responsibility for those crimes."  Id. at 33-34.  The Government requested a sentence in excess of 240 months.

This court sentenced Stadnisky to 240 months in prison and 5 years of supervised release.  Judgment was entered on March 2, 2007.

Stadnisky appealed, arguing, among other things, that the court had inaccurately calculated his guideline range, relying on a criminal history category that overstated his background.  United States v. Stadnisky, 309 F. App'x 185, 187 (9th Cir. 2009).  The Ninth Circuit affirmed this court's calculation of Stadnisky's criminal history:

> Stadnisky was convicted 12 times between the ages of 19 and 28.  The crimes included reckless driving and driving under the influence of alcohol and cocaine, offenses that seriously endanger others.  Stadnisky was also convicted of helping a prisoner escape from prison, and of obstructing and resisting arrests by police officers. Perhaps most seriously, he was convicted at the age of 23 of having sexual intercourse with a minor under the age of 16.  We find no error in the district court's criminal history category VI determination.

Id.

Stadnisky now brings a § 2255 petition, arguing that his counsel was ineffective.  Specifically, Stadnisky says that his counsel "failed to raise an appropriate and winning argument" to persuade the court to reduce his criminal history category. Second, he says that his counsel failed to adequately advise him about the weight of the evidence against him and the guideline benefits of early acceptance of responsibility.  Stadnisky says that, but for his counsel's unprofessional errors, he would have been in a lower criminal history category and had a lower total offense level, resulting in a guideline range of imprisonment between 168 to 235 months.

IV.      <u>ANALYSIS.</u>

Stadnisky argues first that his counsel was ineffective at sentencing with respect to the calculation of Stadnisky's criminal history category.  Stadnisky has not established ineffectiveness.

To prevail on an ineffective assistance of counsel claim, a petitioner must show both that his counsel's performance fell below an objective standard of reasonableness, and that the deficiency in his counsel's performance prejudiced him. <u>Strickland v. Washington</u>, 466 U.S. 668, 688, 692 (1984).  There is a "strong presumption" that counsel's conduct was reasonable. <u>Id.</u> at 689.

Stadnisky does not establish unreasonable conduct by

his counsel or show that he was prejudiced by his counsel's performance during sentencing.

To the extent Stadnisky argues that his criminal history category was incorrectly calculated, that argument fails. The Ninth Circuit affirmed this court's calculation of the criminal history category.

Stadnisky maintains that his criminal history category was incorrectly computed because all but two of his offenses were misdemeanors.  The sentencing guidelines provide for a maximum of four previous convictions with sentences of less than 60 days to be counted in determining the criminal history category.  See U.S.S.G. § 4A1.1(c).  Thus, despite having had eleven previous misdemeanor convictions, Stadnisky had only four counted in the calculation of his criminal history.

Stadnisky's claim that his attorney failed to argue that his criminal history was overrepresented is insupportable. See Motion at 9 ("An argument that Mr. Stadnisky's Criminal History Category was over-represented was not made at the sentencing hearing.").  Stadnisky's attorney strenuously objected to Stadnisky's criminal history category.  Stadnisky's attorney argued that "the guideline factors with regard to criminal history is really overdone" and that Stadnisky's situation created "a larger criminal history score than is necessary in determining what ultimately should be done."  Sentencing

Transcript at 23.

        To the extent Stadnisky argues that his counsel was
ineffective in failing to move for a downward departure based on
the criminal history, that argument fails.  Stadnisky cannot
establish that such a motion would likely have been granted.
Stadnisky's attorney argued that the sentence and criminal
history category were inappropriate.  The court disagreed.  The
recasting of those arguments in a motion would not have made them
more persuasive.  Most importantly, even if Stadnisky had been
granted a downward departure to a criminal history category of V,
his guideline range would have been 292 to 365 months.  Even had
Stadnisky been in criminal history category IV, his range would
have been 262 to 327 months.  This court sentenced him to 240
months, well within the range of 235 to 293 months that would
have applied if Stadnisky had been in criminal history category
III.  Stadnisky fails to show ineffectiveness or prejudice.

        Stadnisky also argues that his trial counsel was
ineffective in having failed to inform him of the "true nature of
his case, his lack of any viable defense, and the availability of
a three-point downward departure of his Offense Level, for early
acknowledgment of guilt."  Motion at 12.  Stadnisky says that,
had he been advised of the benefits of accepting responsibility,
he would not have insisted on going to trial and would have
instead pled guilty.

                                11

Stadnisky's trial counsel states in a declaration that he expressly discussed the three-point reduction for early acceptance of responsibility with Stadnisky and the effect of a decision not to cooperate with law enforcement.  According to trial counsel, Stadnisky wanted to go to trial and reminded counsel that "he retained me to go to trial as his prior counsel kept pushing him to plead guilty which he was unwilling to do." Trial counsel says he discussed the strength of the Government's case with Stadnisky, noting the likely testimony by cooperating co-conspirators and the recordings of Stadnisky's discussions with co-conspirators.  Trial counsel says he told Stadnisky that acquittals were rare, and that the court's ruling on a critical motion in limine further strengthened the Government's case.  Ex. C, attached to Memorandum in Opposition (Declaration of Counsel ¶¶ 5-6).

Even if the court disregarded counsel's thorough and detailed declaration and assumed without deciding that (1) trial counsel had failed to advise Stadnisky about the benefits flowing from an early acceptance of responsibility or (2) that trial counsel did not tell Stadnisky that, if he went to trial, he would more than likely be convicted, Stadnisky fails to establish that his counsel was ineffective.  Stadnisky fails to establish prejudice: that is, that his sentence would have been better. Stadnisky says that, had he accepted responsibility, his total

offense level would have been 33.  Even with such a total offense level, Stadnisky's sentencing guideline range, with his criminal history category of VI, would have been between 235 and 293 months.  This court sentenced Stadnisky to 240 months, a sentence toward the low end of that range.

To establish ineffectiveness with respect to the guideline calculation, Stadnisky must show ineffectiveness concerning both the total offense level and the criminal history category.  Ineffectiveness in only one of those respects would not yield a guideline range better than Stadnisky's actual sentence.  Stadnisky does not meet his burden of showing ineffectiveness in both respects.  Even if the court were to accept as true everything Stadnisky asserts, the court finds no evidence of ineffectiveness with respect to the guideline calculations.  Of course, the court was not compelled to sentence Stadnisky within the guideline range in any event, but Stadnisky's entire petition focuses on the guideline calculation. The court sentenced Stadnisky to a prison term within what the guideline range would have been even if Stadnisky's factual assertions were all assumed to be true.  While Stadnisky argues that his proper guideline range was between 168 and 235 months, that argument is premised on a mistaken reading of the law concerning criminal history category calculations.  The court need not, of course, take as true Stadnisky's legal conclusions.

13

He thus shows no prejudice flowing from counsel's action or inaction.

V.        CERTIFICATE OF APPEALABILITY.

A petitioner must obtain a certificate of appealability before pursuing any appeal from a final order in a § 2255 proceeding.  See 28 U.S.C. § 2253(c)(1)(B).

A court should issue a certificate of appealability only when the appeal presents a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  As this court finds that reasonable jurists would not debate this court's ruling on Stadnisky's petition, the court declines to issue a certificate of appealability.

VI.       CONCLUSION.

The court denies Stadnisky's petition for § 2255 relief without an evidentiary hearing, as the record conclusively shows that Stadnisky is not entitled to relief.  Additionally, the court declines to issue a certificate of appealability.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii September 3, 2010



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Stadnisky v. United States of America, 04cr363; 10cv00225; ORDER DENYING
MOTION TO VACATE, SET ASIDE, OR CORRECT A SENTENCE BY A PERSON IN FEDERAL
CUSTODY UNDER 28 U.S.C. § 2255.